UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Thomas Rhodes,<br><br>                        Plaintiff,<br>    v.<br><br>Ramsey County Medical Examiner Michael McGee, Kandiyohi County Attorney Boyd Beccue, Hennepin County Sheriff's Office Captain William Joseph Chandler, Kandiyohi County, Ramsey County, and Hennepin County,<br><br>                        Defendants. | Case No. 24-CV-104-BCW<br><br>**HENNEPIN DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL** |

---

## **ANSWER**

Defendants Hennepin County and Hennepin County Sheriff's Office Captain William Joseph Chandler (together, "Hennepin Defendants"), for their Amended Answer to the Complaint (ECF 1), states as follows:

1. The Hennepin Defendants deny every allegation contained in Plaintiff's Complaint except as expressly admitted, qualified, or otherwise explained in this Answer.

### **INTRODUCTION**

2. Responding to the allegations in paragraph 1 of the Complaint, the Hennepin Defendants admit that Plaintiff was imprisoned after a jury convicted him of first- and second-degree murder of his wife. Deny that the Hennepin Defendants conspired, sought to have Plaintiff wrongfully prosecuted or convicted, or otherwise engaged in wrongful conduct. To the extent the remaining allegations in paragraph 1 are directed to Defendants Michael McGee and Ramsey County (together, "Ramsey Defendants") and/or Defendants

Boyd Beccue and Kandiyohi County (together, "Kandiyohi Defendants"), no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraph 1 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations. The Hennepin Defendants affirmatively allege that a court vacated Plaintiff's murder convictions, and that Plaintiff pleaded guilty to second-degree manslaughter for the death of his wife.

3. Responding to the allegations in paragraph 2 of the Complaint, deny that the Hennepin Defendants fabricated evidence, "fabricated a crime," or otherwise engaged in wrongful conduct. To the extent the allegations in paragraph 2 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the allegations in paragraph 2 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

4. Responding to the allegations in paragraph 3 of the Complaint, the Hennepin Defendants admit that on or about August 2, 1996, Plaintiff's wife Jane Rhodes died in Kandiyohi County, Minnesota, and that Plaintiff was subsequently prosecuted for murder. Deny that the Hennepin Defendants conspired with anyone, manufactured false evidence, or otherwise engaged in any wrongful conduct. To the extent the remaining allegations in paragraph 3 are directed to McGee and/or Beccue, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraph 3 are directed to Chandler, the Hennepin Defendants deny such allegations.

5.      The allegations in paragraph 4 of the Complaint are directed to McGee and Beccue; therefore, no response is required from the Hennepin Defendants. To the extent a response is required, denied.

6.      Responding to the allegations in paragraph 5 of the Complaint, the Hennepin Defendants deny that they conspired with anyone, fabricated evidence, or otherwise engaged in wrongful conduct. The Hennepin Defendants deny all remaining allegations in paragraph 5 of the Complaint.

7.      Responding to the allegations in paragraph 6 of the Complaint, the Hennepin Defendants admit that on or about July 29, 1998, a jury convicted Plaintiff of first- and second-degree murder, and that a court sentenced Plaintiff to life in prison. Deny that the Hennepin Defendants manufactured false evidence or otherwise engaged in wrongful conduct. To the extent the remaining allegations in paragraph 6 are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraph 6 are directed to Chandler, the Hennepin Defendants deny such allegations.

8.      Responding to the allegations in paragraph 7, the Hennepin Defendants admit that Plaintiff has filed petitions for post-conviction relief and writs of habeas corpus, and that the Conviction Review Unit ("CRU") of the Minnesota Attorney General's Office reviewed Plaintiff's criminal case. The Hennepin Defendants further admit that on or about January 13, 2023, a court vacated Plaintiff's murder convictions and Plaintiff pleaded guilty to second-degree manslaughter. The Hennepin Defendants lack sufficient

information to admit or deny the remaining allegations in paragraph 7 and therefore deny the same.

9. Responding to the allegations in paragraph 8, the Hennepin Defendants admit that Plaintiff was imprisoned and that Plaintiff has filed a lawsuit against Defendants. Deny that the Hennepin Defendants engaged in misconduct. Deny that Plaintiff's claims against the Hennepin Defendants have merit. To the extent the remaining allegations in paragraph 8 are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraph 8 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

## JURISDICTION AND VENUE

10. The allegations in paragraphs 9 through 11 are legal conclusions that require no response. To the extent a response is required, the Hennepin Defendants admit only that this Court has jurisdiction over Plaintiff's claims and that venue is proper in the District of Minnesota. The Hennepin Defendants deny that Plaintiff possesses any viable claims against them under federal or state law, and they deny all remaining allegations in paragraphs 9 through 11.

## PARTIES

11. The Hennepin Defendants lack sufficient information to admit or deny the allegations in paragraph 12 of the Complaint and therefore deny the same.

12. The allegations in paragraphs 13 and 14 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants; therefore, no response is required from the Hennepin Defendants. To the extent a response is required, denied.

13. Responding to the allegations in paragraph 15 of the Complaint, the Hennepin Defendants admit that Chandler was employed by the Hennepin County Sheriff's Office as a Captain and member of the Hennepin County Sheriff's Office water rescue team. The Hennepin Defendants affirmatively state that the correct name of the Office of the Hennepin County Sheriff is "Hennepin County Sheriff's Office," not "Hennepin County Sheriff's Department." The Hennepin Defendants deny all remaining allegations in paragraph 15.

14. To the extent the allegations in paragraph 16 of the Complaint are directed to McGee and/or Beccue, no response is required from the Hennepin Defendants. To the extent the allegations in paragraph 16 are directed to Chandler, the allegations are legal conclusions that require no response from the Hennepin Defendants.

15. The allegations in paragraphs 17 and 18 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants; therefore, no response is required from the Hennepin Defendants. To the extent a response is required, denied.

16. The Hennepin Defendants admit the allegations in paragraph 19 of the Complaint.

## FACTUAL ALLEGATIONS

17. Responding to the allegations in paragraphs 20 through 34 of the Complaint, the Hennepin Defendants admit only that on or about August 2, 1996, in Kandiyohi County,

Plaintiff's wife Jane Rhodes died, and her body was found in Green Lake. The Hennepin Defendants deny the allegations in paragraphs 20 through 34 of the Complaint to the extent that they are inconsistent with any reports authored by Chandler regarding the death of Jane Rhodes. These reports speak for themselves. The Hennepin Defendants lack sufficient information to admit or deny the remaining allegations in paragraphs 20 through 34 of the Complaint and therefore deny the same.

18. The allegations in paragraphs 35 through 57 are directed to the Ramsey Defendants and/or Kandiyohi Defendants; therefore, no response is required from the Hennepin Defendants. Further, to the extent that the allegation in paragraphs 35 through 57 constitute legal conclusions, no response is required from the Hennepin Defendants. To the extent that a response is required, denied.

19. Responding to the allegations in paragraph 58 of the Complaint, the Hennepin Defendants admit that Chandler created a report or reports in connection with the investigation of the death of Jane Rhodes and/or the prosecution of Plaintiff. Deny that these report(s) contained "knowingly false information." Deny that the Hennepin Defendants "manufacture[d]" "false inculpatory evidence" or otherwise engaged in wrongful conduct of any kind. Deny all remaining allegations in paragraph 58 of the Complaint.

20. Responding to the allegations in paragraph 59 of the Complaint, admit that Chandler authored a report dated March 26, 1997, regarding the death of Jane Rhodes. Deny that this report contained or constituted "fabricated evidence." State that this report

6

speaks for itself and deny the allegations in paragraph 59 of the Complaint to the extent they are inconsistent with the report.

21. Responding to the allegations in paragraph 60 of the Complaint, admit that Chandler authored a report dated March 26, 1997, regarding the death of Jane Rhodes. Deny that this report contained or constituted fabricated evidence. Deny that this report contained any "false information." Deny that the report contained conclusions that were "falsely framed as scientific facts." State that this report speaks for itself and deny the allegations in paragraph 60 of the Complaint to the extent they are inconsistent with the report.

22. Responding to the allegations in paragraphs 61 and 62 of the Complaint, admit that Chandler authored a report dated March 26, 1997, regarding the death of Jane Rhodes. State that this report speaks for itself and deny the allegations in paragraphs 61 and 62 of the Complaint to the extent they are inconsistent with the report.

23. Responding to the allegations in paragraph 63 of the Complaint, the Hennepin Defendants state that the Department of Natural Resources report speaks for itself. The Hennepin Defendants deny all remaining allegations in paragraph 63.

24. Responding to the allegations in paragraph 64 of the Complaint, deny that the Hennepin Defendants fabricated or manufactured evidence or otherwise engaged in wrongful conduct of any kind. Deny all remaining allegations in paragraph 64 of the Complaint.

25. Responding to the allegations in paragraph 65 of the Complaint, the Hennepin Defendants admit that Plaintiff was indicted for first- and second-degree murder

in connection with Jane Rhodes' death. Deny that the Hennepin Defendants manufactured or otherwise created false evidence. Deny that the Hennepin Defendants engaged in wrongful conduct of any kind. To the extent the remaining allegations in paragraph 65 are directed to McGee and/or Beccue, no response is required from the Hennepin Defendants. To the extent the allegations in paragraphs 64 and 65 are directed to Chandler, the Hennepin Defendants deny the allegations.

26. The allegations in paragraph 66 of the Complaint are directed to the Kandiyohi Defendants; therefore, no response is required from the Hennepin Defendants. To the extent that a response is required, denied.

27. Responding to the allegations in paragraph 67 of the Complaint, the Hennepin Defendants deny that Chandler participated in any conspiracy or provided false testimony. To the extent the remaining allegations in paragraph 67 are directed to McGee, no response is required from the Hennepin Defendants. To the extent the allegations in paragraph 67 are directed to Chandler, the Hennepin Defendants deny the allegations.

28. Responding to the allegations in paragraph 68 of the Complaint, the Hennepin Defendants admit that Chandler authored a report or reports in connection with the death of Jane Rhodes and that Chandler testified in connection with the criminal prosecution against Plaintiff. The Hennepin Defendants deny that Chandler "manufactured" reports or testimony or otherwise engaged in any wrongful conduct. The Hennepin Defendants further deny the allegation that no physical, scientific, or medical evidence supported the conclusion that Jane Rhodes' death was a homicide. To the extent the remaining allegations in paragraph 68 are directed to McGee, no response is required

8

from the Hennepin Defendants. To the extent the remaining allegations in paragraph 68 are directed to Chandler, the Hennepin Defendants deny such allegations.

29. Responding to the allegations in paragraph 69 of the Complaint, the Hennepin Defendants deny that they engaged in any conspiracy, let alone a "conspiracy to frame Plaintiff." The Hennepin Defendants deny that Chandler provided false testimony or otherwise engaged in any wrongful conduct. To the extent the remaining allegations in paragraph 69 of the Complaint are directed to McGee, no response is required from the Hennepin Defendants. To the extent the allegations in paragraph 69 are directed to Chandler, the Hennepin Defendants state that Chandler's trial testimony speaks for itself and denies all remaining allegations.

30. Responding to the allegations in paragraph 70 of the Complaint, the Hennepin Defendants admit that on or about July 29, 1998, a jury convicted Plaintiff of first- and second-degree murder, and the court sentenced Plaintiff to life in prison. The Hennepin Defendants deny that they engaged in any wrongful conduct. The Hennepin Defendants deny that they fabricated or otherwise offered any false evidence. To the extent the remaining allegations in paragraph 70 are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraph 70 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

31. Responding to the allegations in paragraphs 71 and 72 of the Complaint, the Hennepin Defendants admit that Plaintiff spent years in prison and that the CRU reviewed Plaintiff's case. Since Plaintiff remains convicted of second-degree manslaughter, the

9

Hennepin Defendants deny that Plaintiff did not commit a crime. Further, the Hennepin Defendants deny that Chandler provided insufficient or scientifically unsupported evidence. The remaining allegations in paragraphs 71 and 72 are not directed to the Hennepin Defendants, and therefore no response is required. To the extent that a response is required, denied.

32. The Hennepin Defendants admit the allegations in paragraph 73 of the Complaint.

33. Responding to the allegations in paragraphs 74 and 75 of the Complaint, the Hennepin Defendants admit that Plaintiff entered an *Alford* plea to second-degree manslaughter and received a prison sentence, time considered served. The Hennepin Defendants lack sufficient information to admit or deny the remaining allegations in paragraphs 74 and 75 and therefore deny the same.

34. Responding to the allegations in paragraph 76 of the Complaint, the Hennepin Defendants admit that Plaintiff spent years in prison. The Hennepin Defendants deny all remaining allegations in paragraph 76 of the Complaint.

35. Responding to the allegations in paragraph 77 of the Complaint, the Hennepin Defendants deny that they engaged in any conspiracy, fabricated inculpatory evidence, suppressed exculpatory evidence, or otherwise engaged in wrongful conduct of any kind. To the extent the remaining allegations in paragraph 77 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraph 77 are directed to the Hennepin Defendants, the Hennepin Defendants deny the allegations.

36. The allegations in paragraphs 78 through 84 of the Complaint are not directed to the Hennepin Defendants, therefore, no response is required. To the extent a response is required, denied.

37. Responding to the allegations in paragraphs 85 and 86 of the Complaint, the Hennepin Defendants deny that they engaged in any wrongful conduct or that Plaintiff is entitled to any relief from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 85 and 86 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 85 and 86 are directed to the Hennepin Defendants, the Hennepin Defendants deny the allegations.

## COUNT I – 42 U.S.C. § 1983
### Fourteenth Amendment – Violation of Due Process

38. Responding to the allegations in paragraph 87 of the Complaint, the Hennepin Defendants restate their responses to paragraphs 1 through 86 of the Complaint.

39. Responding to the allegations in paragraphs 88 through 93 of the Complaint, the Hennepin Defendants deny that they engaged in any wrongful conduct or that Plaintiff is entitled to any relief from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 88 through 93 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 88 through 93 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

## COUNT II – 42 U.S.C. § 1983
### Fourth and Fourteenth Amendment – Violation of Right to Be Free From Unreasonable Seizures and Malicious Prosecution

40. Responding to the allegations in paragraph 94 of the Complaint, the Hennepin Defendants restate their responses to paragraphs 1 through 93 of the Complaint.

41. Responding to the allegations in paragraphs 95 through 100 of the Complaint, the Hennepin Defendants deny that they engaged in any wrongful conduct or that Plaintiff is entitled to any relief from the Hennepin Defendants. Further deny that Plaintiff's criminal proceedings terminated in his favor. To the extent the remaining allegations in paragraphs 95 through 100 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 95 through 100 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

## COUNT III – 42 U.S.C. § 1983
### Fourteenth Amendment – Failure to Intervene

42. Responding to the allegations in paragraph 101 of the Complaint, the Hennepin Defendants restate their responses to paragraphs 1 through 100 of the Complaint.

43. Responding to the allegations in paragraphs 102 through 104 of the Complaint, the Hennepin Defendants deny that they engaged in any wrongful conduct or that Plaintiff is entitled to any relief from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 102 through 104 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 102 through

104 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

## COUNT IV – 42 U.S.C. § 1983
## Conspiracy to Deprive Constitutional Rights

44. Responding to the allegations in paragraph 105 of the Complaint, the Hennepin Defendants restate their responses to paragraphs 1 through 104 of the Complaint.

45. Responding to the allegations in paragraphs 106 through 110 of the Complaint, the Hennepin Defendants deny that they engaged in any wrongful conduct or that Plaintiff is entitled to any relief from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 106 through 110 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 106 through 110 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

## COUNT V
## Malicious Prosecution Under Minnesota State Law

46. Responding to the allegations in paragraph 111 of the Complaint, the Hennepin Defendants restate their responses to paragraphs 1 through 110 of the Complaint.

47. Responding to the allegations in paragraphs 112 through 117 of the Complaint, the Hennepin Defendants deny that they engaged in any wrongful conduct or that Plaintiff is entitled to any relief from the Hennepin Defendants. Further deny that Plaintiffs' criminal proceedings terminated in his favor. To the extent the remaining allegations in paragraphs 112 through 117 of the Complaint are directed to the Ramsey

Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 112 through 117 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

## COUNT VI
### Intentional Infliction of Emotional Distress

48. Responding to the allegations in paragraph 118 of the Complaint, the Hennepin Defendants restate their responses to paragraphs 1 through 117 of the Complaint.

49. Responding to the allegations in paragraphs 119 and 120 of the Complaint, the Hennepin Defendants deny that they engaged in any wrongful conduct or that Plaintiff is entitled to any relief from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 119 and 120 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraphs 119 and 120 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

## COUNT VII
### Indemnification

50. Responding to the allegations in paragraph 121 of the Complaint, the Hennepin Defendants state that the allegations regarding Minn. Stat. § 466.07 constitute legal conclusions that require no response. To the extent the remaining allegations in paragraph 121 are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the remaining allegations in paragraph 121 are directed to the Hennepin Defendants, the Hennepin Defendants deny such allegations.

**PRAYER FOR RELIEF**

51. To the extent the allegations in the paragraph immediately following the heading "PRAYER FOR RELIEF" on page 23 of the Complaint are directed to the Ramsey Defendants and/or Kandiyohi Defendants, no response is required from the Hennepin Defendants. To the extent the allegations are directed to the Hennepin Defendants, the Hennepin Defendants deny that Plaintiff is entitled to any relief from the Hennepin Defendants and deny all remaining allegations.

**JURY DEMAND**

52. Responding to the allegations in the paragraph immediately following the heading "JURY DEMAND" on page 23 of the Complaint, the Hennepin Defendants admit only that Plaintiff demands a jury trial. The Hennepin Defendants deny all remaining allegations in that paragraph.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred by various immunity doctrines, including qualified immunity, official immunity, vicarious official immunity, statutory immunity, testimonial immunity, and any other immunities conferred by federal and state statutes or common law.

3. Plaintiff's claims are subject to the Minnesota Municipal Tort Claims Act and/or the Minnesota State Tort Claims Act, including the monetary limits in Minn. Stat. § 466.04 and the notice requirements in Minn. Stat. § 466.05.

4. Plaintiff's claims are barred in whole or in part by equitable doctrines, including but not limited to estoppel, waiver, or unclean hands.

5. The Hennepin Defendants affirmatively allege that a proximate or the sole proximate or superseding cause of the Plaintiff's alleged injuries and damages may have been pre-existing medical conditions and/or subsequently occurring medical conditions for which the Hennepin Defendants are not responsible.

6. The Hennepin Defendants complied in all respects with the applicable standards of care and did not breach any legal duty. Their conduct did not cause any injuries or other damages as claimed in the Complaint.

7. The Hennepin Defendants affirmatively allege that any injuries or damages sustained by Plaintiff were caused or contributed to by the conduct or actions of Plaintiff and/or persons, parties, entities, forces, and/or facts and/or circumstances over which the Hennepin Defendants exercised no authority or control.

8. Plaintiff failed to take reasonable action to avoid or mitigate the alleged detriment or damages.

9. Plaintiff has failed to exhaust his judicial and/or administrative remedies.

10. There is no causal relationship between the actions of the Hennepin Defendants and the injuries or damages sustained by Plaintiff, if any.

11. If Plaintiff is entitled to recover any damages against the Hennepin Defendants, which is affirmatively denied, then the Hennepin Defendants are entitled to offset the amounts which Plaintiff has received from any collateral source or are entitled to receive therefrom.

12. Defendant Hennepin County alleges that it is a municipality and therefore is immune from liability for punitive damages.

13. Defendant Hennepin County alleges affirmatively that it is a municipality, and therefore said Defendant is immune from liability for claims pursuant to 42 U.S.C. § 1983 that are based upon the concept of respondeat superior.

14. Plaintiff's claims are barred because the underlying criminal proceedings did not terminate or resolve in Plaintiff's favor.

15. Plaintiff's claims are barred by the absolute-privilege doctrine.

16. Plaintiff's claims may be barred by applicable statutes of limitations.

17. The Hennepin Defendants reserve the right to assert any and all affirmative defenses that become available as the facts of this case develop and discovery is taken and received.

WHEREFORE, the Hennepin Defendants ask for an Order of the Court as follows:

1. Dismissing Plaintiff's Complaint against the Hennepin Defendants and granting judgment in favor of the Hennepin Defendants;

2. Awarding the Hennepin Defendants their costs, disbursements, and attorney fees as allowed by law; and

3. Awarding the Hennepin Defendants such other and further relief as this Court deems just and equitable.

|  |  |
|---|---|
|  | MARY F. MORIARTY<br>Hennepin County Attorney |
| Dated: March 28, 2024 | By: *s/ Christiana M. Martenson*<br>James W. Keeler, Jr. (0176199)<br>Sarah McLaren (0345878)<br>Christiana M. Martenson (0395513)<br>Assistant County Attorneys<br>A2000 Government Center<br>300 South Sixth Street<br>Minneapolis, MN 55487<br>Telephone: (612) 348-5432<br>jim.keeler@hennepin.us<br>sarah.mclaren@hennepin.us<br>christiana.martenson@hennepin.us<br><br>*Attorneys for Defendants Hennepin County and William Chandler* |