UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Rhodes,<br><br>            Plaintiff,<br><br>vs.<br><br>Ramsey County Medical Examiner Michael McGee, Estate of Kandiyohi County Attorney Boyd Beccue, Hennepin County Sheriff's Office Captain William Joseph Chandler, Kandiyohi County, Ramsey County, and Hennepin County,<br><br>            Defendants. | Case No.: 0:24-cv-00104 (BCW)<br><br>**Jury Trial Demanded**<br><br>**DEFENDANT RAMSEY COUNTY MEDICALEXAMINER MICHAEL MCGEE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant Ramsey County Medical Examiner Michael McGee (hereinafter "Dr. McGee") for his Answer to Plaintiff Thomas Rhodes' Amended Complaint, states and alleges as follows:

1. Dr. McGee denies each and every allegation, matter, statement and thing contained in the Complaint, except as hereinafter admitted, qualified or alleged.

2. Dr. McGee denies paragraphs 1 and 2 of the Complaint.

3. Dr. McGee admits that Jane Rhodes died on or about August 2, 1996, but denies the remaining allegations in paragraph 3 of the Complaint.

4. Dr. McGee denies paragraphs 4 and 5 of the Complaint.

5. Dr. McGee admits that Plaintiff was convicted by a jury of first-degree murder and second-degree murder for the death of his wife and sentenced to life in prison. Dr. McGee denies the remainder of the allegations in paragraph 6.

6. Dr. McGee admits with respect to paragraph 7 of the Complaint that Plaintiff sought postconviction relief four times in the State of Minnesota and twice in the Eighth Circuit, all of which were denied. Dr. McGee further admits that Plaintiff's convictions for first-degree murder and second-degree murder were vacated on or about January 15, 2023, in exchange for Plaintiff's *Alford* plea to manslaughter.

7. Dr. McGee admits that Plaintiff served approximately 24 years in prison, but denies the remainder of paragraph 8.

8. Dr. McGee admits that Plaintiff's Complaint speaks for itself, but denies the remainder of paragraph 9 of the Complaint.

9. Dr. McGee admits paragraphs 10 and 11 of the Complaint.

10. Dr. McGee is without knowledge or information with respect to the allegations in paragraph 12 and thus puts Plaintiff to his strict proof of the same.

11. With respect to paragraph 13 of the Complaint, Dr. McGee admits that at all times material to the Complaint, he was the Medical Examiner of Ramsey County and further admits that he was retained by the Kandiyohi County Coroner to perform an autopsy on Jane Rhodes. Dr. McGee denies any remaining allegations in paragraph 13.

12. Dr. McGee is without knowledge or information with respect to the allegations in paragraphs 14 and 15 of the Complaint and thus puts Plaintiff to his strict proof of the same.

13. Dr. McGee lacks sufficient information or knowledge as to what Plaintiff intends in paragraph 16 of the Complaint and thus puts Plaintiff to his strict proof of same.

14. With respect to paragraph 17, Dr. McGee admits that Defendant Ramsey County retained him under a contract and denies any remaining allegations in paragraph 17.

15. With respect to paragraph 18. Dr. McGee admits that Defendant Kandiyohi County retained him to perform an autopsy on Jane Rhodes and denies any remaining allegations in paragraph 18.

16. Dr. McGee lacks knowledge or information with respect to the allegations in paragraph 19 of the Complaint and thus puts Plaintiff to his strict proof of the same.

17. With respect to paragraphs 20 through 33 of the Complaint, Dr. McGee denies those allegations to the extent that they are inconsistent with the jury's findings of first- and second-degree murder and/or to the findings by the investigators and the autopsy.

18. Dr. McGee lacks sufficient information and knowledge with respect to paragraphs 34, 35, and 36 of the Complaint, and therefore puts Plaintiff to his strict proof of the same.

19. With respect to paragraph 37 of the Complaint, Dr. McGee admits that he performed an autopsy on Jane Rhodes on or about August 6, 1996, at the Ramsey County Medical Examiner's Office, after having been retained to perform the autopsy by the Kandiyohi County Coroner.

20. Dr. McGee denies paragraph 38 of the Complaint.

21. Dr. McGee admits that the provisional autopsy report stated under manner of death "pending investigation," but denies the remainder of paragraph 39 of the Complaint.

22. With respect to paragraph 40 of the Complaint, Dr. McGee admits that he met with Beccue and denies the remaining allegations in paragraph 40.

23. Dr. McGee admits that the meeting with Defendant Beccue took place prior to the grand jury indictment, but denies the remainder of paragraph 41 of the Complaint.

24. Dr. McGee denies paragraphs 42 through 55 of the Complaint.

25. Dr. McGee lacks sufficient information with respect to paragraphs 56 through 63 of the Complaint and therefore denies the same.

26. Dr. McGee denies paragraph 64 of the Complaint.

27. With respect to paragraph 65 of the Complaint, Dr. McGee admits that Plaintiff was indicted for first-degree murder and second-degree murder and was ultimately convicted of both charges by a jury. Dr. McGee denies the remainder of paragraph 65.

28. With respect to paragraph 66 of the Complaint, Dr. McGee admits that the grand jury proceedings and the criminal trial involving the Plaintiff were handled by the Office of the Minnesota Attorney General.

29. Dr. McGee denies paragraphs 67 through 70 of the Complaint, but admits that a jury convicted Plaintiff of first-degree murder and second-degree murder on or about July 21, 1998 and he was consequently sentenced to life in prison.

30. Dr. McGee denies paragraphs 71 through 76 of the Complaint, but admits that Plaintiff agreed to an *Alford* plea to second-degree manslaughter in exchange for having his convictions for first-degree murder and second-degree murder vacated.

31. Dr. McGee denies paragraphs 77 and 78 of the Complaint.

32. With respect to paragraph 79 of the Complaint, Dr. McGee admits that the criminal defendant Rodriguez was convicted of murder and received the death penalty in 2006. Dr. McGee further admits that appeals by Rodriguez were rejected in 2007 and 2009, but 15 years after the original conviction, the Judge changed the death sentence to life imprisonment, leaving the conviction in place.

33. With respect to paragraph 80 of the Complaint, Dr. McGee admits that he was retained for a second autopsy. Dr. McGee further admits that the Defendant was convicted and the conviction was affirmed in 2008. Dr. McGee further admits that in 2010, a petition for postconviction relief was filed and a new trial was ordered, after which the prosecutor elected to file a motion to dismiss rather than proceed with a second trial.

34. With respect to paragraph 81 of the Complaint, Dr. McGee admits the Defendant was convicted of strangling the victim which resulted in a conviction. Further admits that the Wisconsin Court of Appeals reversed the conviction and the prosecutor then decided to have the case dismissed.

35. Dr. McGee lacks sufficient information with respect to the allegations in paragraphs 82 through 84 of the Complaint and therefore denies same.

36. Dr. McGee denies paragraphs 85 and 86 of the Complaint.

37. Paragraph 87 of the Complaint does not require any response.

38. Dr. McGee denies paragraphs 88 through 93 of the Complaint.

39. Paragraph 94 of the Complaint does not require any response.

40. Dr. McGee denies paragraphs 95 through 100 of the Complaint.

41. Paragraph 101 of the Complaint does not require any response.

42. Dr. McGee denies paragraphs 102 through 104 of the Complaint.

43. Paragraph 105 of the Complaint does not require any response.

44. Dr. McGee denies paragraphs 106 through 110 of the Complaint.

45. Paragraph 111 of the Complaint does not require any response.

46. Dr. McGee denies paragraphs 112 through 117 of the Complaint.

47. Paragraph 118 of the Complaint does not require any response.

48. Dr. McGee denies paragraphs 119 and 120 of the Complaint.

49. Dr. McGee denies paragraph 121 of the Complaint but alleges that he should be indemnified under Minnesota law.

50. Dr. McGee denies that Plaintiff is entitled to the relief he seeks in his prayer for relief or otherwise.

## **AFFIRMATIVE DEFENSES**

Defendant Dr. McGee asserts the following affirmative defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Dr. McGee.

2. Plaintiff's conduct was the sole cause of the occurrence which forms the basis of this lawsuit and plaintiff's alleged harm and claimed damage.

3. Plaintiff failed to use reasonable diligence to mitigate the damages Plaintiff claims.

4. Plaintiff's claims against Dr. McGee are barred by the doctrine of absolute immunity.

5.  Plaintiff's claims against Dr. McGee are barred by the doctrine of witness immunity.

6.  Plaintiff's claims against Dr. McGee are barred by the doctrine of qualified immunity.

7.  Plaintiff's claims against Dr. McGee are barred by the doctrine of official immunity.

8.  Plaintiff's claims against Dr. McGee are barred by any other immunities conferred by federal and state statutes or common law.

9.  Plaintiff's claims against Dr. McGee are barred by the applicable statutes of limitations.

10. Plaintiff's claims against Dr. McGee are barred by res judicata, estoppel, and collateral estoppel.

11. Plaintiff's claims against Dr. McGee are barred due to Plaintiff's failure to join a necessary or indispensable party.

WHEREFORE, Defendant Dr. McGee prays that Plaintiff takes nothing by his cause of action herein, that the same be dismissed, and that this Defendant have judgment for his costs, disbursements and attorney's fees incurred in this case.

A jury trial is demanded by this answering Defendant.

Dated: July 15, 2024					**LARSON · KING, LLP**

By */s/ David Wilk*
   Mark A. Solheim  (#213226)
   David M. Wilk (#222860)
   Kevin T. McCarthy (#399327)
   Zane P. Aubert (#402523)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Tel: (651) 312-6500
msolheim@larsonking.com
dwilk@larsonking.com
kmccarthy@larsonking.com
zaubert@larsonking.com

***Attorneys for Defendant Ramsey County Medical Examiner Michael McGee***

8