UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Thomas Rhodes,

    Plaintiff,

vs.

Ramsey County Medical Examiner Michael McGee, Estate of Kandiyohi County Attorney Boyd Beccue, Hennepin County Sheriff's Office Captain William Joseph Chandler, Kandiyohi County, Ramsey County, and Hennepin County,

    Defendants.

Civ. No. 0:24-cv-00104 (BCW)

**DEFENDANT ESTATE OF BOYD BECCUE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**Jury Trial Demanded**

_____

Defendant Estate of Boyd Beccue, for its answer to Plaintiff's Amended Complaint, admits, denies, alleges, and otherwise states as follows:

1. Denies every allegation, matter, and thing contained in the Amended Complaint except as is expressly admitted or otherwise qualified herein.

2. Admits the allegations contained in paragraphs 10-11, 15, 17, 19, and 73 of the Amended Complaint.

3. Denies the allegations contained in paragraphs 1-6, 8, 21, 23-30, 32-33, 38, 42-56, and 58-64, 67-71, 76-86, 88-93, 95-100, 102-104, 106-110, 112-117, and 119-121 of the Amended Complaint.

4.      Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12, 20, 22, 31, 34-36, 39, 57, 72, and 75 of the Amended Complaint and accordingly denies such allegations.

5.      Alleges that the allegations contained in paragraph 9, and 16 state legal conclusions to which no responsive pleading is required; to the extent responsive pleading to these allegations is required, Defendant Estate of Boyd Beccue denies such allegations.

6.      Alleges that the allegations contained in paragraphs 87, 94, 101, 105, 111, and 118 restate allegations made elsewhere in the Amended Complaint; Defendant Estate of Boyd Beccue responds to these allegations in the same manner as elsewhere pleaded herein.

7.      With respect to the allegations contained in paragraph 7 of the Amended Complaint, admits that Plaintiff's convictions for first-degree and second-degree murder were vacated; admits further that Plaintiff filed numerous motions for post-conviction relief following his 1998 convictions, all of which, until 2023, were ultimately denied by the trial and appellate courts of Minnesota; denies any remaining allegations contained in paragraph 7 of the Amended Complaint.

8.      With respect to the allegations contained in paragraph 13 of the Amended Complaint, admits that Michael McGee was employed as the Medical Examiner of Ramsey County during the relevant period; denies that he was acting as an

agent for the Kandiyohi County coroner at the time of the matters referenced in the Amended Complaint; denies any remaining allegations in paragraph 13 of the Amended Complaint.

9.  With respect to the allegations contained in paragraph 14 of the Amended Complaint, admits that Boyd Beccue is deceased and is represented by Special Administrator Judson B. Beccue; admits that Boyd Beccue was the Kandiyohi County Attorney and that as such he generally acted as chief prosecutor for Kandiyohi County; alleges that as county attorney Boyd Beccue was an elected public official and therefore not strictly an employee of Kandiyohi County; alleges that the lead prosecution of the case against Plaintiff was conducted by the Office of the Minnesota Attorney General; and denies any remaining allegations contained in paragraph 14 of the Amended Complaint.

10. With respect to the allegations contained in paragraph 18 of the Amended Complaint, admits that Kandiyohi County is a municipality as defined by the Minnesota Municipal Tort Claims Act; alleges that Kandiyohi County is a county duly organized under applicable state law; alleges that as county attorney Boyd Beccue was an elected public official and therefore not strictly an employee of Kandiyohi County; denies any remaining allegations contained in paragraph 18 of the Amended Complaint.

11. With respect to the allegations contained in paragraph 37 of the Amended Complaint, admits that Michael McGee performed an autopsy of Jane Rhodes;

denies that in so doing he was acting as an agent for the Kandiyohi County coroner.

12.     With respect to the allegations contained in paragraph 40 of the Amended Complaint, admits that Beccue met with McGee but denies that the meeting took place on January 8, 1997; denies any remaining allegations contained in paragraph 40 of the Amended Complaint.

13.     With respect to the allegations contained in paragraph 41 of the Amended Complaint, admits that the meeting was before the matter went to the grand jury; denies all remaining allegations contained in paragraph 41 of the Amended Complaint.

14.     With respect to the allegations contained in paragraph 65 of the Amended Complaint, admits that Rhodes was indicted for first-degree and second-degree murder; denies all remaining allegations contained in paragraph 65 of the Amended Complaint.

15.     With respect to the allegations contained in paragraph 66 of the Amended Complaint, admits that the Minnesota Attorney General's Office led the investigation and prosecution of the case; denies all remaining allegations contained in paragraph 66 of the Amended Complaint.

16.     With respect to the allegations contained in paragraph 74 of the Amended Complaint, admits that Plaintiff Rhodes pled guilty to the second-degree

manslaughter death of his wife, but denies all remaining allegations in paragraph 74 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant Estate of Boyd Beccue asserts the following affirmative defenses:

1. Plaintiff's Amended Complaint fails to state a claim against Defendant Estate of Boyd Beccue upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of absolute immunity, including absolute prosecutorial immunity.

3. Plaintiff's claims are barred by the doctrine of qualified immunity.

4. Plaintiff's claims are subject to the immunities, limitations, and exclusions contained in Minnesota's Municipal Tort Claims Act, Minnesota Statutes sections 466.01-.15.

5. Plaintiff's claims are barred by the doctrines of official immunity and vicarious official immunity.

6. Plaintiff's claims are barred by other immunities conferred by state or federal law.

7. Plaintiff's claims are barred by res judicata, estoppel, and collateral estoppel.

8. Plaintiff's claims are barred in whole or in part by equitable doctrines, including but not limited to estoppel, waiver, or unclean hands.

9.     Plaintiff has failed to exhaust his judicial and/or administrative remedies.

10.    There is no causal relationship between the actions of Kandiyohi County or Boyd Beccue and any injuries or damages sustained by Plaintiff.

11.    Plaintiff's claims for damages are subject to the limits of liability specified in Minnesota Statutes section 466.04.

12.    Plaintiff's claims are barred by the applicable statutes of limitations.

13.    Any liability of Boyd Beccue, Kandiyohi County, or the Estate of Boyd Beccue arising out of the actions of Boyd Beccue is barred or limited because Boyd Beccue died on or about September 11, 2021 and any claim against his estate is barred and limited by Minnesota Statutes applicable to claims against estates, including but not limited to Minnesota Statutes section 524.3-803.

14.    Plaintiff's claims may be barred by any/all of the affirmative defenses contemplated in Rule 8(c) of the Federal Rules of Civil Procedure and Rule 8.03 of the Minnesota Rules of Civil Procedure which are not specifically set out above. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses cannot be determined until there has been further investigation and/or discovery. This answering defendant, therefore, alleges and incorporates all the affirmative defenses set forth in Fed. R. Civ. P. 8(c) and Minn. R. Civ. P. 8.03.

WHEREFORE, Defendant Estate of Boyd Beccue asks for the following relief:

1. That Plaintiff take nothing by his Amended Complaint and that he be denied all the damages and remedies outlined in his Amended Complaint;

2. Dismissal of the Amended Complaint, on its merits, in its entirety, and with prejudice;

3. Payment of Defendant Estate of Boyd Beccue's costs, disbursements, and attorney's fees incurred in defending against the Amended Complaint;

4. A trial by jury on the claims for which a jury is available; and

5. All other relief as the Court deems just and equitable.

QUINLIVAN & HUGHES, P.A.

Dated: September 9, 2024

/s/ Kenneth H. Bayliss
Kenneth H. Bayliss #157569
Attorneys for Defendant Estate of Boyd Beccue
P.O. Box 1008
St. Cloud, MN 56302-1008
(612) 385-6022
kbayliss@quinlivan.com