UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Rhodes,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Ramsey County Medical Examiner<br>Michael McGee, et al.,<br><br>　　　　　Defendants. | Case No. 24-CV-104-BCW<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT RAMSEY COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

## INTRODUCTION

Defendant Ramsey County moves for judgment on the pleadings on Count VII of Plaintiff's First Amended Complaint, which seeks indemnification under Minnesota Statute § 466.07, and on any vicarious liability claims arising from the conduct of its former employee, Dr. Michael McGee. While Plaintiff acknowledges the Court's prior rulings dismissing claims against Dr. McGee, Plaintiff submits this response to clarify the purposes of the indemnification claim, to preserve arguments regarding vicarious liability for state law claims, and to ensure that in the event Plaintiff successfully appeals the dismissal of claims against Dr. McGee, Plaintiff's claims may proceed against Ramsey County as well.

1

# ARGUMENT

## I. PLAINTIFF'S INDEMNIFICATION CLAIM WAS BROUGHT TO PROVIDE NOTICE AND ENSURE COMPENSATION FROM THE PROPER ENTITY

Ramsey County argues that Minnesota Statute § 466.07 does not provide Plaintiff with a cause of action. However, Plaintiff brought Count VII against Ramsey County to put the County on notice of Dr. McGee's right to indemnification and its applicability in this case, and to ensure that should Plaintiff prevail against Dr. McGee, compensation would be available from the entity statutorily obligated to indemnify him.

The purpose of naming Ramsey County was not to create an independent cause of action, but to ensure the proper party—the one that should bear financial responsibility for its employee's conduct—was before the Court. This approach serves judicial economy by avoiding subsequent indemnification litigation and ensures that Plaintiff can recover from a solvent entity rather than an individual defendant.

Given the Court's dismissal of all claims against Dr. McGee, Plaintiff recognizes that the indemnification claim against Ramsey County lacks a predicate. However, should the dismissal of claims against Dr. McGee be reversed on appeal, the indemnification claim against Ramsey County would become viable, and the County's presence as a party would be necessary to effectuate any judgment.

## II. RAMSEY COUNTY IS VICARIOUSLY LIABLE FOR DR. MCGEE'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Ramsey County argues that it cannot be held vicariously liable under § 1983 for Dr. McGee's federal constitutional violations (Counts I and IV) absent allegations of a

2

municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff agrees with Ramsey County on this point.[1]

However, Ramsey County's vicarious liability for the state law claim of intentional infliction of emotional distress (Count VI) presents a different question. Under Minnesota law, an employer is vicariously liable for the torts of an employee committed within the course and scope of employment under the doctrine of respondeat superior. *Fahrendorff ex rel. Fahrendorff v. N. Homes, Inc.*, 597 N.W.2d 905, 910 (Minn. 1999).

Ramsey County employed Dr. McGee as its Medical Examiner.[2] The fabrication of the autopsy findings that form the basis of Count VI were performed by Dr. McGee in his official capacity and within the scope of his employment. Should the Court's dismissal of Count VI against Dr. McGee be reversed on appeal, Ramsey County would be vicariously liable for Dr. McGee's tortious conduct under well-established principles of Minnesota law.

### III.   THE COURT SHOULD NOT EXTEND VICARIOUS OFFICIAL IMMUNITY TO RAMSEY COUNTY

Ramsey County argues that because Dr. McGee is entitled to official immunity for Count VI, the County is entitled to vicarious official immunity. While it is true that vicarious official immunity generally protects governmental entities from suit based on

---

[1] The claims against Dr. McGee that Plaintiff voluntarily dismissed (Counts II, III, and V) are similarly dismissed with regard to Ramsey County.

[2] For purposes of this motion, Ramsey County has accepted as true Plaintiff's allegation that Dr. McGee was an employee of Ramsey County. (Doc. 124 at 2 n.1; Doc. 64, ¶ 13.)

the official immunity of their employees, the Court should decline to extend such immunity to Ramsey County for compelling policy reasons.

In *S.W. v. Spring Lake Park Sch. Dist. No. 16*, 592 N.W.2d 870 (Minn. Ct. App. 1999), *aff'd without opinion*, 606 N.W.2d 61 (Minn. 2000), the Minnesota Court of Appeals declined to extend vicarious official immunity to a school district. The court reasoned that granting immunity would reward the district for its failure to develop and implement a basic security policy that would have applied in the circumstances of the case. The court recognized that extending immunity would undermine accountability and insulate governmental entities from responsibility for foreseeable harms caused by inadequate oversight. *See also Meier v. City of Columbia Heights*, 686 N.W.2d 858, 867 (Minn. Ct. App. 2004) ("Based on the current record, the absence of abatement procedures is the functional equivalent to the school district's failure to adopt an adequate security plan in *S.W.*").

Similarly here, the Court should not reward Ramsey County's failure to undertake appropriate efforts to confirm that its medical examiner was performing his critical duties with accuracy and care. The position of county medical examiner carries enormous responsibility—the power to influence criminal prosecutions through autopsy findings and expert testimony. Ramsey County knew or should have known the risks inherent in unlawfully performing this important function, including the risk of numerous wrongful convictions.

Granting vicarious official immunity to Ramsey County would reward the County's failure to implement adequate supervision, training, and quality control

4

measures to address known or reasonably foreseeable harms. Counties have both the resources and the institutional responsibility to ensure that medical examiners perform their duties competently and in accordance with professional standards. Extending immunity eliminates any incentive for counties to exercise appropriate oversight over such critical functions.

Thus, even if official immunity were properly granted to Dr. McGee individually, which Plaintiff disputes, Ramsey County itself should remain responsible for the wrongful conviction it caused through its employee's conduct. Policy considerations strongly favor holding governmental entities accountable when their failure to supervise or implement appropriate safeguards contributes to constitutional deprivations and grave injustices such as wrongful convictions.

### IV.    PRESERVATION OF CLAIMS FOR APPEAL

Plaintiff recognizes that based on the Court's previous rulings granting Dr. McGee's Motion for Judgment on the Pleadings and dismissing all claims against him, the Court may conclude that there is currently no viable basis for Plaintiff to proceed against Ramsey County at this stage of the litigation.

However, as Plaintiff may appeal the Court's dismissal of claims against Dr. McGee, should Plaintiff prevail on appeal and the dismissal be reversed, the claims against Dr. McGee would be reinstated; and correspondingly, the claims against Ramsey County would have a viable foundation. Plaintiff submits this response in part to preserve these arguments and to ensure that a successful appeal as to Dr. McGee will extend to Ramsey County's liability as well, whether through indemnification or vicarious liability.

Without prejudice to Plaintiff's right to appeal or arguments on appeal, Plaintiff acknowledges that the Court may conclude that the practical effect of the Court's prior rulings is that judgment on the pleadings in favor of Ramsey County is appropriate at this time, subject to possible reinstatement should any appeal be successful.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny or deny in part Ramsey County's Motion for Judgment on the Pleadings, or in the alternative, if the Court grants the County's Motion, note that Plaintiff has preserved his arguments regarding indemnification, vicarious liability for state law claims, and the inapplicability of vicarious official immunity for purposes of any appeal. Should Plaintiff succeed in reversing the dismissal of claims against Dr. McGee on appeal, the claims against Ramsey County should be reinstated accordingly.

Dated: December 17, 2025

Respectfully submitted,

/s/ Brad J. Thomson
Brad J. Thomson
Ben H. Elson*, G. Flint Taylor*
Tayleece Paul*
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, IL 60642
(773) 235-0070
brad@peopleslawoffice.com

*Pro hac vice*

/s/ Tim Phillips
Tim Phillips (#390907)
Law Office of Tim Phillips
331 Second Ave. South, Suite 400
TriTech Center
Minneapolis, MN 55401
(612) 470-7179
tim@timphillipslaw.com

ATTORNEYS FOR PLAINTIFF