**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| THOMAS RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 0:24-CV-00104-BCW |
| | ) | |
| MICHAEL MCGEE, | ) | |
| Ramsey County Medical Examiner, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Ramsey County's Motion for Judgment on the Pleadings. (Doc. #123). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

**A. Summary of Plaintiff's Factual Allegations in Amended Complaint**

On July 12, 2024, Plaintiff Thomas Rhodes filed an Amended Complaint against Defendants Ramsey County Medical Examiner Michael McGee, the Estate of Kandiyohi County Attorney Boyd Beccue, Hennepin County Sheriff's Office Captain William Joseph Chandler, Kandiyohi County, Ramsey County, and Hennepin County, alleging claims stemming from Plaintiff's wrongful convictions for first- and second-degree homicide. (Doc. #64).

As set forth in the Amended Complaint, Plaintiff alleges claims under 42 U.S.C. § 1983 (Counts I-IV) and Minnesota state law (Counts V-VII), asserting Defendants conspired to deprive Plaintiff's rights based on the following summarized allegations.

On the night of August 2, 1996, Plaintiff's wife Jane Rhodes fell overboard from the couple's boat into Green Lake, located in Kandiyohi County. Efforts to locate Jane Rhodes in the

1

lake were unsuccessful, and the Kandiyohi County Sherriff's Office recovered Jane Rhodes' body floating in Green Lake at about 1:30 p.m. on August 3, 1996. (Doc. #64).

Because the Kandiyohi County Medical Examiner Dr. Munneke had limited experience with drowning victims, Dr. Munneke and the Kandiyohi County Sherriff's Office determined Jane Rhodes' body should be sent to Ramsey County for further investigation by Ramsey County Medical Examiner, Dr. McGee.

Dr. McGee, acting as an agent of Kandiyohi County, autopsied the body of Jane Rhodes on August 6, 1996. After the autopsy, Dr. McGee listed Jane Rhodes' cause of death as "pending investigation." (Doc. #64).

On January 8, 1997, Kandiyohi County Attorney Boyd Beccue met with Dr. McGee. This meeting allegedly occurred before the decision to seek an indictment relating to Jane Rhodes' death, and was allegedly for the improper purpose of manufacturing probable cause against Plaintiff for Jane Rhodes' murder. Plaintiff alleges this meeting fell outside the scope of Beccue's and Dr. McGee's official authorities. Plaintiff alleges after this meeting with Beccue, Dr. McGee changed his opinion of Jane Rhodes' cause of death from "pending investigation' to "homicide." Plaintiff also alleges the notes and content of the January 1997 meeting between Beccue and Dr. McGee were not produced to Plaintiff or his counsel. (Doc. #64).

Plaintiff further alleges that after the January 1997 meeting with Beccue, Dr. McGee drafted a report reflecting Jane Rhodes' cause of death as "homicide." The report included conclusions supported by non-scientific evidence, including Dr. McGee's opinions that injuries to Jane Rhodes' face were attributable to multiple blows from Plaintiff's boat and that a hemorrhage in Jane Rhodes' neck was attributable to strike from an open hand in a "V" shape. (Doc. #64).

Plaintiff alleges Hennepin County Sherriff's Office Captain William Chandler also fabricated evidence against him. Plaintiff alleges Captain Chandler wrote a report dated March 26, 1997, in which he opined that Jane Rhodes could not have fallen into Green Lake at the location where Plaintiff asserted. Specifically, Chandler represented the water temperature at the location where Plaintiff said Jane Rhodes fell in was 39 degrees Fahrenheit, such that Jane Rhodes' body would have decomposed slowly and taken weeks to resurface. Plaintiff alleges Chandler's conclusion in the report is demonstrably false, based on a report from the U.S. Department of Natural Resources that the temperature at the location where Jane Rhodes reportedly went overboard was actually 68.9 degree Fahrenheit. (Doc. #64).

Sixteen months after Jane Rhodes' death, Kandiyohi County indicted Plaintiff for first-degree and second-degree murder. Under an agreement with Kandiyohi County, the Minnesota Attorney General led the investigation and prosecution. Plaintiff alleges that after indictment and before trial, Dr. McGee and Chandler met on at least two occasions to ensure their anticipated trial testimonies aligned. (Doc. #64).

On July 28, 1998, a jury convicted Plaintiff of first-degree and second-degree murder, based on the testimonies and reports of Dr. McGee and Captain Chandler. (Doc. #64). Plaintiff alleges in furtherance of their conspiracy to frame him for murder, Dr. McGee and Captain Chandler both testified to the veracity and accuracy of their respective reports. Plaintiff was sentenced to life in prison. (Doc. #64).

Plaintiff alleges after he spent almost 25 years in prison for a crime he did not commit, his convictions were reviewed by the Minnesota Conviction Review Unit ("CRU"). After investigation, the CRU determined Dr. McGee and Captain Chandler had provided insufficient and scientifically unsupported evidence. The CRU also found the State failed to disclose

discoverable evidence, including the notes and content of the January 1997 meeting between Beccue and McGee and the contents of the pretrial meetings between McGee and Chandler. (Doc. #64).

On January 13, 2023, the Court vacated Plaintiff's convictions for first-degree and second-degree murder. Plaintiff entered an Alford plea to second-degree manslaughter, was sentenced to a four-year custodial sentence, and was released for time served. (Doc. #64).

Plaintiff alleges Defendants conspired to fabricate evidence against him in an improper effort to secure his wrongful conviction for the murder of Jane Rhodes. Beyond Plaintiff's allegations that Dr. McGee fabricated evidence against him, Plaintiff alleges Dr. McGee's history of manipulating evidence in connection with other wrongful convictions. (Doc. #64). For example, in 2021, a federal district court found Dr. McGee had "a well-documented history of providing false and inaccurate testimony in court." (Doc. #64 at 15). Further, in 2011, a Douglas County Judge found Dr. McGee had provided false testimony leading to a wrongful conviction. (Doc. #64 at 15). Additionally, in 2003, a state appellate court reversed a murder conviction after finding Dr. McGee had fabricated autopsy evidence. (Doc. #64 at 15).

Plaintiff alleges ten experts have reviewed Dr. McGee's conclusions and all ten disagree with his classification of Jane Rhodes' death as homicide. For example, the CRU retained Dr. Sally Aiken, who opined there was no medical support for Dr. McGee's opinions that Jane Rhodes' facial injuries were attributable to multiple strikes from a boat, or that Jane Rhodes suffered a blow to the neck from an open hand in a V shape.

Based on these allegations as summarized above, Plaintiff's Amended Complaint asserts seven claims: (I) violation of due process against Defendants under 42 U.S.C. § 1983; (II) violation of the right to be free from unreasonable search and seizure and malicious prosecution against

4

Defendants under § 1983; (III) failure to intervene in violation of the Fourteenth Amendment against Defendants under § 1983; (IV) conspiracy to deprive constitutional rights against Defendants under § 1983; (V) malicious prosecution against Defendants under Minnesota state law; (VI) intentional infliction of emotional distress against Defendants under Minnesota state law; (VII) indemnification against Defendants Kandiyohi County, Ramsey County, and/or Hennepin County under Minnesota state law. (Doc. #64).

### B. Current Procedural Posture

In July 2024, Dr. McGee filed a Motion for Judgment on the Pleadings on Plaintiff's six claims alleged against him in Counts I-VI. (Docs. #67, #69). As part of his brief in opposition to Dr. McGee's motion, Plaintiff voluntarily dismissed Count II and V alleging malicious prosecution, as well as Count III for failure to intervene against Dr. McGee. (Doc. #92 at 2).

By Order dated March 26, 2025, the Court granted Dr. McGee's Motion for Judgment on the Pleadings as to Plaintiff's remaining Counts I, IV, and VI (Doc. #102). As to Count I alleging Dr. McGee's violation of Plaintiff's due process rights under § 1983, the Court granted judgment for Dr. McGee, finding him entitled to absolute immunity and/or, in the alternative, qualified immunity. As to Count IV alleging conspiracy to violate due process under § 1983 based on the same factual allegations underlying Count I, the Court granted judgment for Dr. McGee. Finally, as to Count VI alleging intentional infliction of emotional distress under Minnesota state law, the Court granted judgment on the pleadings for Dr. McGee based on official immunity. (Doc. #102).

Also in July 2024, Captain Chandler and Hennepin County filed a Motion to Dismiss Plaintiff's Counts I-VII against them under Fed. R. Civ. P. 12(b)(6). (Doc. #72). As part of his brief in opposition to this motion, Plaintiff voluntarily dismissed Counts II and V alleging

malicious prosecution, Count III alleging failure to intervene, and Count VI alleging intentional infliction of emotional distress. (Doc. #84 at 2 n.1).

By Order dated March 26, 2025, the Court granted Captain Chandler and Hennepin County's Motion to Dismiss as to Plaintiff's remaining Counts I, IV, and VII. (Doc. #101). As to Count I alleging Captain Chandler's violation of Plaintiff's due process rights under § 1983, the Court dismissed Count I, finding Captain Chandler entitled to absolute immunity and/or in the alternative, qualified immunity. As to Count IV alleging conspiracy to violate due process under § 1983 based on the same factual allegations underlying Count I, the Court dismissed Count IV. (Doc. #101).

Finally, the Court dismissed Plaintiff's Count VII for indemnification against Hennepin County on the basis that relief was not available to Plaintiff under Minn. Stat. § 466.07 as a matter of fact or as a matter of law. Specifically, the Court dismissed Count VII because (i) none of Plaintiff's substantive claims survived against Captain Chandler and (ii) even if any of the claims against Captain Chandler survived, Plaintiff may not properly avail himself of right to indemnification under Minn. Stat. § 466.07, which is limited to employees acting in the performance of their official duties. (Doc. #101 at 10).

Subsequently, in October 2025, the Court denied Plaintiff's Motion for Leave to File a Second Amended Complaint, or in the Alternative, for Reconsideration of the Court's Orders Granting Dr. McGee's Motion for Judgment on the Pleadings and Captain Chandler and Hennepin County's Motion to Dismiss. (Doc. #112). On November 21, 2025, the Court entered an Amended Scheduling Order, setting this case for trial on August 31, 2026, along with associated litigation deadlines. (Doc. #116).

6

On December 3, 2025, Ramsey County filed the instant Motion for Judgment on the Pleadings. (Doc. #123). Plaintiff filed opposition suggestions (Doc. #126) and Ramsey County filed a reply (Doc. #128).

## LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same standard of review applies to motions under Federal Rule of Civil Procedure 12(c) and 12(b)(6); the Court "accept[s] as true all factual allegations set out in the complaint" and "construe[s] the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law . . . ." Id.

## ANALYSIS

In the instant motion, Defendant Ramsey County seeks judgment on the pleadings as to Plaintiff's Count VII alleging a right of indemnification, as well as Counts I, IV, and VI to the extent Plaintiff would seek to hold Defendant Ramsey County vicariously liable for the conduct of Dr. McGee as Ramsey County Medical Examiner. (Doc. #124).

In opposition, as to Count VII, Plaintiff concedes in light of the Court's Order granting judgment for Dr. McGee on Plaintiff's claims against him (Doc. #102), Plaintiff's indemnification claim against Ramsey County for the conduct of Dr. McGee lacks a factual predicate. Further, as to Counts I and IV, Plaintiff concedes the Amended Complaint does not allege an unconstitutional policy or custom against Ramsey County such that Ramsey County cannot be held vicariously liable Plaintiff's § 1983 claims against Dr. McGee. As to Count VI, however, Plaintiff argues

7

Ramsey County's motion for judgment on the pleadings should be denied because the Court should not extend vicarious official immunity to Ramsey County as a matter of policy.

Plaintiff's opposition brief "acknowledges that . . . the practical effect of the Court's prior rulings is that judgment on the pleadings in favor of Ramsey County is appropriate at this time . . . ." (Doc. #126 at 6). The Court agrees, and resolves Ramsey County's motion for judgment on the pleadings in a manner consistent with its prior Orders, as set forth below.

As to Counts I and IV, alleging violation of Plaintiff's rights under § 1983 by Dr. McGee as Ramsey County Medical Examiner, Plaintiff concedes the Amended Complaint is devoid of allegations for which Ramsey County might be held vicariously liable for any unconstitutional conduct by Dr. McGee pursuant to Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Moreover, the Court found absolute and/or qualified immunity applied to Plaintiff's claims alleged in Counts I and IV against Dr. McGee, and Plaintiff voluntarily dismissed Counts II and III against Dr. McGee. Therefore, there remains no factual basis for which Ramsey County might be liable for any alleged unconstitutional conduct undertaken by Dr. McGee. Ramsey County is entitled to judgment on the pleadings as to Plaintiff's Counts I-IV.

Similarly, as to Count V alleging malicious prosecution under Minnesota state law, Plaintiff voluntarily dismissed this claim against Dr. McGee, such that there exists no factual basis for which Ramsey County might be liable to Plaintiff for malicious prosecution. As Plaintiff concedes, Ramsey County is entitled to judgment on the pleadings as to Plaintiff's Count V.

As to Count VII, and as Plaintiff concedes, the Court's previous rulings are dispositive of Plaintiff's Count VII alleging a right of indemnification against Ramsey County. In its Order granting Hennepin County's motion to dismiss Count VII, the Court found Minn. Stat. § 466.07 confers rights to defense and indemnification only upon employees acting in the performance of

8

official duties not engaged in malfeasance, willful neglect, or bad faith. (Doc. #101 at 10). Any right to indemnification against Ramsey County would be properly asserted by Dr. McGee as Ramsey County Medical Examiner, and Plaintiff may not assert that right to defense and/or indemnification on Dr. McGee's behalf. Moreover, because the Court granted Dr. McGee's motion for judgment on the pleadings, there no longer exists any factual predicate upon which any party might assert a right to indemnification against Ramsey County. (Doc. #102). Ramsey County is entitled to judgment on the pleadings as to Count VII.

The only remaining question is whether Ramsey County is entitled to judgment on the pleadings as to Count VI, Plaintiff's claim for intentional infliction of emotional distress under Minnesota state law. Ramsey County argues it is entitled to judgment on the pleadings on Plaintiff's Count VI because the Court previously found Dr. McGee entitled to official immunity on this claim – because Dr. McGee is not liable for intentional infliction of emotional distress, no vicarious liability arises against Ramsey County. In opposition, Plaintiff argues that even if the Court found Dr. McGee entitled to official immunity with respect to Plaintiff's claim for intentional infliction of emotional distress, the Court should not extend vicarious official immunity to Ramsey County as a matter of policy.

As set forth in the Amended Complaint and as applicable to Ramsey County's Motion for Judgment on the Pleadings, Plaintiff alleges Dr. McGee's conduct was extreme and outrageous, and was undertaken intentionally with knowledge that there was high probability that the conduct would result, and did result, in Plaintiff's severe emotional distress. (Doc. #64 at 22). The Court previously found Dr. McGee entitled to official immunity for Plaintiff's Count VI; in turn, Ramsey County is entitled to vicarious official immunity on Plaintiff's Count VI. Dokman v. Cnty. of Hennepin, 637 N.W.2d 286, 297 (Minn. App. 2001) ("Vicarious official immunity protects a

governmental entity from liability based on the acts of an employee who is entitled to official immunity.").

Further, even with all reasonable factual inferences drawn in Plaintiff's favor for purposes of the instant motion for judgment on the pleadings, the Amended Complaint references the conduct of Dr. McGee, but is not explicit of the intent to allege Count VI against Ramsey County directly, or of the intent to allege Count VI against Dr. McGee in his official capacity as Ramsey County Medical Examiner. Assuming Plaintiff's intent to allege his claim for intentional infliction of emotional distress against Dr. McGee in the course and scope of his employment as Ramsey County Medical Examiner, Ramsey County would still be entitled to judgment on the pleadings because Plaintiff's claim for intentional infliction of emotional distress relates to Dr. McGee's conduct acting as medical examiner with respect to the death of Jane Rhodes. Plaintiff alleges that in acting as medical examiner with respect to the death of Jane Rhodes, Dr. McGee was acting as an agent for the Kandiyohi County Coroner. (Doc. #64 at 8). The Amended Complaint is devoid of allegations that Ramsey County was legally obligated to, and failed to, supervise Dr. McGee in his work performed for Kandiyohi County. Ramsey County's motion for judgment on the pleadings is thus granted on Count VI and the Court declines to consider Plaintiff's policy argument for why vicarious official immunity should not apply to Ramsey County under the circumstances presented here. Accordingly, it is hereby

ORDERED Defendant Ramsey County's Motion for Judgment on the Pleadings (Doc. #123) is GRANTED.

IT IS SO ORDERED.

DATE: <u>March 31, 2026</u>                  /s/ Brian C. Wimes
                                            BRIAN C. WIMES, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT

10